*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                          Case No.:  **17-14308**

    **Alison W. McMorrow**                              Chapter 13
          Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This plan is:
- ■   Original
- ☐   Amended *(Identify First, Second, Third, etc.)*
- ☐   Postconfirmation *(Date Order Confirming Plan Was Entered:* _____ *)*

Date this plan was filed: _____

| PART 1: | NOTICES |
|---|---|

**TO ALL INTERESTED PARTIES:**

You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**

You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ■ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ■ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ■ Not Included |

| PART 2: | PLAN LENGTH AND PAYMENTS |
|---|---|

**A.**    **LENGTH OF PLAN:**

- ☐   36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ■   60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- ☐   Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

_____

**B.**    **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| | |

| $2,538.00 | 60 |
|-----------|----|

## C.    ADDITIONAL PAYMENTS:

*Check one.*

■    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**    **$152,280.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---------|----------------|

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
■    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)

Address of the Principal Residence:    **9 Holly Lane Vineyard Haven, MA 02568  Dukes County**
**Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.**
The Debtor(s) estimates that the fair market value of the Principal Residence is: $    **462,000.00**

| Name of Creditor | Type of Claim *(e.g., mortgage, lien)* | Amount of Arrears |
|------------------|----------------------------------------|-------------------|
| **Specialized Loan Servicing/SLS** | **First Mortgage on Principal Residence** | **$135,034.65** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$135,034.65**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral *(or address of real property)* | Amount of Arrears |
|------------------|---------------|-----------------------------------------------------------|-------------------|
| **-NONE-** | | | |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $135,034.65**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid *directly* by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|------------------|---------------|---------------------------|
| **Mr. Douglas Burke** | **Second Mortgage on Principal Residence** | **9 Holly Lane Vineyard Haven, MA 02568 Dukes County**<br>**Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Specialized Loan Servicing/SLS | First Mortgage on Principal Residence | 9 Holly Lane Vineyard Haven, MA 02568 Dukes County Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363. |

### B.     MODIFICATION OF SECURED CLAIMS:

*Check one.*

☐     **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
■     **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

■     **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

■     **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☐     **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

***The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.***

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| Name of Creditor | Exhibit Table *(e.g., 3.1, 3.2, 3.3)* |
|---|---|
| Capital One | 3.1 |
| GE Money Bank | 3.2 |
| Unifund CCR as Assignee for AARP | 3.3 |

**Total Claim(s) under Part 3.B.3 to be paid through this Plan: $0.00**

### C.     SURRENDER OF COLLATERAL:

*Check one.*

■     **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**PART 4:**            PRIORITY CLAIMS

*Check one*

☐      **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

■      **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.**      <u>DOMESTIC SUPPORT OBLIGATIONS:</u>

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.**      <u>OTHER PRIORITY CLAIMS (Except Administrative Expenses):</u>

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $<u>0.00</u>

**C.**      <u>ADMINISTRATIVE EXPENSES:</u>

**(1)** <u>ATTORNEY'S FEES:</u>

| Name of Attorney | Attorney's Fees |
|---|---|
| Peter M. Daigle | $2,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2)** <u>OTHER</u> *(Describe)***:**

| |
|---|
| -NONE- |

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $<u>2,000.00</u>**

**(3)** <u>TRUSTEE'S COMMISSION:</u>

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

**PART 5:**           NON PRIORITY UNSECURED CLAIMS

*Check one*.

☐      **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
■      **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

         ☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $__, which the Debtor(s) estimates will provide a dividend of __%.
         ■ Fixed Percentage: each creditor with an allowed claim shall receive no less than <u>**0**</u> % of its allowed claim.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**A.**      **GENERAL UNSECURED CLAIMS:**                                                                      $**52,175.64**

**B.**      **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**C.**      **NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**D.**      **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.**      **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]: $52,175.64**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$17.35**

**F.**      **SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one.*

■      **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

■      **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

| PART 9: | SIGNATURES |
|---|---|

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ Alison W. McMorrow**                                    **December 12, 2017**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| | |
|---|---|
| **Alison W. McMorrow** | Date |
| Debtor | |

| | |
|---|---|
| Debtor | Date |

| | |
|---|---|
| **/s/ Peter M. Daigle** | Date    **December 12, 2017** |

Signature of attorney for Debtor(s)
**Peter M. Daigle**
**640517**
**Daigle Law Office**
**1550 Falmouth Road**
**Suite 10**
**Centerville, MA 02632**
**(508) 771-7444**
**pmdaigleesq@yahoo.com**

The following Exhibits are filed with this Plan:

■ **Exhibit 1: Calculation of Plan Payment***

■ Exhibit 2: Liquidation Analysis*

■ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**

■ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| |
|---|
| *List additional exhibits if applicable.* |
| |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 15

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

### EXHIBIT 1

### CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$135,034.65** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$2,000.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$17.35** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$2,017.35** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$152,280.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$287.42** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | **2,538.00** |

***If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:***

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

### EXHIBIT 2

### LIQUIDATION ANALYSIS

#### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **9 Holly Lane Vineyard Haven, MA 02568  Dukes County Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.** | **462,000.00** | **339,200.64** | **174,928.00** |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$  462,000.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$  122,799.36** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$  122,799.36** |
| **Amount Real Property Available in Chapter 7:** | **$  0.00** |

#### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **2004 Toyota RAV-4 135,000 miles Location: 9 Holly Lane, West Tisbury MA 02575** | **2,656.00** | **0.00** | **2,656.00** |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$  2,656.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$  2,656.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$  2,656.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$  0.00** |

#### C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| **Household Goods** | **3,000.00** | **0.00** | **3,000.00** |
| **Misc. Clothing** | **200.00** | **0.00** | **200.00** |
| **Misc. Jewelry** | **1,200.00** | **0.00** | **1,200.00** |
| **Cash** | **100.00** | **0.00** | **100.00** |
| **Personal Checking Account: Martha's Vineyard Savings Bank** | **730.00** | **0.00** | **730.00** |
| **Personal Checking Account: Martha's Vineyard Savings Bank** | **190.00** | **0.00** | **190.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$  5,420.00** |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | **$  5,420.00** |
| **Less Total Exemptions for All Other Assets:** | **$  5,420.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$  0.00** |

#### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount | |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | **$** | **0.00** |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | **$** | **0.00** |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | **$** | **0.00** |

**TOTAL AVAILABLE IN CHAPTER 7:**     **$ _____ 0.00**

#### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

**EXHIBIT 3.1**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| | | |
|---|---|---|
| **Information Regarding Judicial Lien or Security Interest** | | |
| Name of Debtor(s):* | **Alison W. McMorrow** | |
| Name of Creditor: | **Capital One** | |
| Collateral: | **9 Holly Lane Vineyard Haven, MA 02568  Dukes County** **Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien,Execution on Principal Residence** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $  **2,026.04** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $  **336,066.43** | |
| (c) Value of claimed exemptions: | $  **174,928.00** | |
| (d) Total (a), (b), and (c): | $  **513,020.47** | |
| (e) Value of interest in property of the Debtor(s):*** | $  **462,000.00** | |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $  **51,020.47** | |
| ■ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $ | |
| Interest Rate (if applicable): | % | |
| Monthly payment on secured claim | $ | |
| Estimated total payment on secured claim | $ | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): **Town Assessment** | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.1**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re:                                                                                            Case No.:  **17-14308**

    **Alison W. McMorrow**                                                 Chapter 13

               Debtor(s)

### ORDER AVOIDING LIEN IMPAIRING EXEMPTION*

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **Capital One**  pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **Capital One**  recorded on [date] at [registry or recording authority, as applicable] at [book, page, certificate number, or filing number reference] impairs the Debtor(s)' exemption in  **9 Holly Lane Vineyard Haven, MA 02568  Dukes County Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.**  (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                            By the Court,

                        _____

                        United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**EXHIBIT 3.2**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| | |
|---|---|
| **Information Regarding Judicial Lien or Security Interest** | |
| Name of Debtor(s):* | **Alison W. McMorrow** |
| Name of Creditor: | **GE Money Bank** |
| Collateral: | **9 Holly Lane Vineyard Haven, MA 02568  Dukes County** **Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.** |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien,Execution on Principal Residence** |

| | | |
|---|---|---|
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $ | **1,108.17** |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $ | **338,092.47** |
| (c) Value of claimed exemptions: | $ | **174,928.00** |
| (d) Total (a), (b), and (c): | $ | **514,128.64** |
| (e) Value of interest in property of the Debtor(s):*** | $ | **462,000.00** |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $ | **52,128.64** |

■ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*)

□ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*)

| | | | |
|---|---|---|---|
| **Treatment of Remaining Secured Claim** | | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $ | | |
| Interest Rate (if applicable): | % | | |
| Monthly payment on secured claim | $ | | |
| Estimated total payment on secured claim | $ | | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | □ Individual Debtor | | □ Joint Debtors |
| | Name: | | |

**Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included.

***Describe the evidentiary basis for the value of the interest in property of the Debtor(s):
**Town Assessment**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                                        Case No.:   **17-14308**

     **Alison W. McMorrow**                                              Chapter 13

               Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **GE Money Bank**  pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **GE Money Bank**  recorded on [date] at [registry or recording authority, as applicable] at [book, page, certificate number, or filing number reference] impairs the Debtor(s)' exemption in  **9 Holly Lane Vineyard Haven, MA 02568 Dukes County Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.**   (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____
United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

## EXHIBIT 3.3
### TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| | | |
|---|---|---|
| **Information Regarding Judicial Lien or Security Interest** | | |
| Name of Debtor(s):* | **Alison W. McMorrow** | |
| Name of Creditor: | **Unifund CCR as Assignee for AARP** | |
| Collateral: | **9 Holly Lane Vineyard Haven, MA 02568  Dukes County** <br> **Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.** | |
| Lien Identification:** <br> (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien,Execution on Principal Residence** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | **$  48,994.43** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | **$  287,072.00** | |
| (c) Value of claimed exemptions: | **$  174,928.00** | |
| (d) Total (a), (b), and (c): | **$  510,994.43** | |
| (e) Value of interest in property of the Debtor(s):*** | **$  462,000.00** | |
| (f) Subtract (e) from line (d): <br> Extent of exemption impairment: (check applicable box below) | **$  48,994.43** | |
| ■ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | **$** | |
| Interest Rate (if applicable): | % | |
| Monthly payment on secured claim | **$** | |
| Estimated total payment on secured claim | **$** | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): <br> **Town Assessment** | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

In re:                                                     Case No.:   **17-14308**

        **Alison W. McMorrow**                                        Chapter 13

                        Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **Unifund CCR as Assignee for AARP**   pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **Unifund CCR as Assignee for AARP**   recorded on [date] at [registry or recording authority, as applicable] at [book, page, certificate number, or filing number reference] impairs the Debtor(s)' exemption in  **9 Holly Lane Vineyard Haven, MA 02568  Dukes County Declaration of Homestead recorded May 12, 2006: Book: 1082, Page: 363.**   (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                        By the Court,

                                        _____

                                        United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                             Best Case Bankruptcy

Bk: 1189 Pg: 857

3.3

Bk: 1189 Pg: 857   Doc: EXEC
Page: 1 of 2   08/17/2009 02:09 PM

| ALIAS  EXECUTION | DOCKET NUMBER | ...al Court of Massachusetts |
|---|---|---|
| | 200735CV000155 | ...trict Court Department |

CASE NAME **CAPITAL ONE BANK** vs. **ALISON W. MCMORROW A/K/A ALISON MCMORROW**

133327

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED | CURRENT COURT |
|---|---|
| P01   CAPITAL ONE BANK | Edgartown District Court<br>81 Main Street<br>P.O. Box 1284<br>Edgartown, MA 02539-1284<br>(508) 627-3751 |

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION | FURTHER ORDERS OF THE COURT |
|---|---|
| P01   GARY HOWARD KREPPEL<br>        LAW OFFICE OF GARY H. KREPPEL, P.C.<br>        1661 WORCESTER RD., STE. 401<br>        FRAMINGHAM, MA 01701 | |

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED
D01   ALISON W. MCMORROW A/K/A ALISON MCMORROW
        D/B/A -  A SUNNY PLACE
        9 HOLLY LANE, WEST TISBURY
        VINEYARD HAVEN, MA 02568

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $2,018.74 |
| 2. Date Judgment Entered | 04/07/2008 |
| 3. Date Execution Issued | 04/18/2008 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 11 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $7.30 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9.  **EXECUTION TOTAL** *(Lines 1 + 6 + 7, minus Line 8)* | $2,026.04 |
| LEVYING OFFICER:   (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law. | |

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS:   Hon. H. Gregory Williams | 7/31/09 | X |

Date/Time Printed:  04/18/2008 03:50 PM

FORM NO.

**A TRUE COPY ATTEST**
Linda J. Hanover
**DEPUTY SHERIFF**
**DUKES COUNTY**

County of Dukes County, ss.                                                      August 17, 2009

By virtue of Execution No.0735CV000155 issued by the Edgartown
District Court, the original of which is in my hands for the purpose of taking the
unregistered lands of the within named judgment debtor, Alison W. McMorrow a/k/a
Alison McMorrow d/b/a A Sunny Place of West Tisbury, Ma., I have this day at 1:40
p.m. levied upon, seized and taken all the right, title and interest that the said Alison W.
McMorrow a/k/a Alison McMorrow of West Tisbury, Ma. now has, or had when it was
attached on mesne process, in and to the following real estate, situate within the County
of Dukes County, Town of West Tisbury as described in Book 666, Page 898 at the Dukes
County Registry of Deeds as follows:

> The land with the buildings thereon situated in West Tisbury,
> County of Dukes County, Commonwealth of Massachusetts, more
> particularly bounded and described as follows:
>
> Being shown as Lot 40 on a plan entitled "Subdivision Plan of Land
> in West Tisbury, Massachusetts of West Tisbury Estates of Paul
> Lannox" dated August 5, 1971, Paul P. Doyle, R.L.S., which plan is
> recorded with the Dukes County Registry of Deeds in West Tisbury
> Case File No. 22, to which plan reference is hereby made for a more
> particular description.
>
> Meaning and intending and hereby conveying the same premises
> conveyed to me by deed of Marjorie E. De Woose dated November 18,
> 1988, recorded with Dukes County Registry of Deeds in Book 514,
> Page 148.

Immediately afterwards, by direction of the judgment creditor, I suspended
further action on this levy.

The within is a true copy of this Execution and the above so much of my
return as relates to the levying, seizure and taking of this real estate on this Execution.

Attorney for Judgment Creditor
Gary Howard Kreppel
1661 Worcester Road, Suite 401
Framingham, Ma. 01701

Linda J. Hanover
Deputy Sheriff
County of Dukes County

Attest:

Dianne E. Powers  Register

Bk: 1128 Pg: 934    Doc: EXEC
Page: 1 of 2    08/13/2007 11:06 AM



3.2

| **EXECUTION** | DOCKET NUMBER<br>**200735SC000009** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session** |
|---|---|---|

CASE NAME   G E MONEY BANK  vs.  ALISON MCMORROW A/K/A ALISON  W. MCMORROW

| | |
|---|---|
| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>P01    G E MONEY BANK<br><br>*116704* | CURRENT COURT<br>Edgartown District Court<br>81 Main Street<br>P.O. Box 1284<br>Edgartown, MA 02539-1284<br>(508) 627-3751 |
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>P01  GARY HOWARD KREPPEL<br>       LAW OFFICE OF GARY H. KREPPEL, P.C.<br>       1661 WORCESTER RD., STE. 401<br>       FRAMINGHAM, MA 01701 | FURTHER ORDERS OF THE COURT |
| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br>D01  ALISON MCMORROW A/K/A ALISON  W. MCMORROW<br>       9 HOLLY LANE<br>       VINEYARD HAVEN 02568 | |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $1,079.77 |
| 2. Date Judgment Entered | 03/30/2007 |
| 3. Date Execution Issued | 06/18/2007 |
| 4. Number of Days from Judgment to Execution  *(Line 3 - Line 2)* | 80 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $28.40 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| **9.   EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $1,108.17 |

LEVYING OFFICER:    (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE<br>WITNESS:  Hon. H. Gregory Williams | DATE EXECUTION ISSUED<br>06/18/2007 | CLERK-MAGISTRATE/ASST. CLERK<br>X *L.H. Williams* |
|---|---|---|

Date/Time Printed:  06/18/2007 11:33 AM                                                                                    FORM NO.

A TRUE COPY ATTEST

*Linda J Hanover*

DEPUTY SHERIFF
DUKES COUNTY

County of Dukes County, ss                                    August 13, 2007

  By virtue of Execution No. 0735SC00009 issues by the Edgartown District Court, the original of which is in my hands for the purpose of taking the unregistered lands of the within named judgment debtor, Alison McMorrow a/k/a Alison W. McMorrow of West Tisbury, Ma., I have this day at 11:30 a.m. levied upon, seized and taken all the right, title and interest that the said Alison McMorrow a/k/a Alison W. McMorrow of West Tisbury, Ma., now has, or had when it was attached on mesne process, in and to the following real estate, situate within the County of Dukes County, Town of West Tisbury, as described in Book 666, Page 898 at the Dukes County Registry of Deeds as follows:

```
Being shown as Lot 40 on a plan entitled "Subdivision Plan of Land
in West Tisbury, Massachusetts of West Tisbury Estates of Paul
Lennox" dated August 5, 1971, Paul P. Doyle, R.L.S., which plan is
recorded with the Dukes County Registry of Deeds in West Tisbury
Case File No. 22, to which plan reference is hereby made for a more
particular description.

Meaning and intending and hereby conveying the same premises
conveyed to me by deed of Marjorie E. De Weese dated November 18,
1988, recorded with Dukes County Registry of Deeds in Book 514,
Page 148.
```

  Immediately afterwards, by direction of the judgment creditor, I suspend further action on this levy.

  The within is a true copy of this Execution and the above so much of my return as relates to the levying, seizure and taking of this real estate on this Execution.

Attorney for Judgment Creditor

Gary H. Kreppel
Law office
1661 Worcester Road
Suite 401
Framingham, Ma. 01701

_Linda J. Hanover_
Linda J. Hanover
Deputy Sheriff
County of Dukes County

9 Holly Lane, West Tisbury, MA. 02575

Attest:

_Dianne E. Powers_ Register



Bk: 1196 Pg: 763   Doc: EXEC
Page: 1 of 2   11/17/2009 02:27 PM

3.1

| EXECUTION | DOCKET NUMBER<br>200835CV000085 | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

CASE NAME  UNIFUND CCR PARTNERS vs. ALISON W. MCMORROW

JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED

P01   UNIFUND CCR PARTNERS

CURRENT COURT

Edgartown District Court
81 Main Street
P.O. Box 1284
Edgartown, MA 02539-1284
(508) 627-3751

JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION

P01   ROGER MARK SEITSINGER
KREAM & KREAM
P.O. BOX 890117
EAST WEYMO, MA 02189

FURTHER ORDERS OF THE COURT

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED

D01   ALISON W. MCMORROW
9 HOLLY LANE
VINEYARD HAVEN, MA 02568

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $24,465.84 |
| 2. Date Judgment Entered | 07/10/2009 |
| 3. Date Execution Issued | 07/20/2009 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 10 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $80.44 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9.  **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $24,546.28 |

LEVYING OFFICER:     (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS:   Hon. H. Gregory Williams | 07/20/2009 | X |

Date/Time Printed:  07/20/2009 01:36 PM

4AA7874

FORM NO.

A TRUE COPY ATTEST

*Linda L. Hanover*

DEPUTY SHERIFF
DUKES COUNTY

County of Dukes County, ss.                                            November 17, 2009

By virtue of Execution No.0835CV000085 issued by the Edgartown District Court, the original of which is in my hands for the purpose of taking the unregistered lands of the within named judgment debtor, Alison W. McMorrow of West Tisbury, Ma., I have this day at 1:40 a.m. levied upon, seized and taken all the right, title and interest that the said Alison McMorrow of West Tisbury, Ma. now has, or had when it was attached on mesne process, in and to the following real estate, situate within the County of Dukes County, Town of West Tisbury, as described in Book 666, Page 898 at the Dukes County Registry of Deeds as follows:

> Being shown as Lot 40 on a plan entitled "Subdivision Plan of Land in West Tisbury, Massachusetts of West Tisbury Estates of Paul Lennox" dated August 5, 1971, Paul P. Doyle, R.L.S., which plan is recorded with the Dukes County Registry of Deeds in West Tisbury Case File No. 22, to which plan reference is hereby made for a more particular description.
>
> Meaning and intending and hereby conveying the same premises conveyed to me by deed of Marjorie E. De Weese dated November 18, 1988, recorded with Dukes County Registry of Deeds in Book 514, Page 148.

Immediately afterwards, by direction of the judgment creditor, I suspended further action on this levy.

The within is a true copy of this Execution and the above so much of my return as relates to the levying, seizure and taking of this real estate on this Execution.

Attorney for Judgment Creditor
R. Mark Seitsinger
Kream & Kream
P.O. Box 890117
E. Weymouth, Ma. 02189

_Linda J. Hanover_
Linda J. Hanover
Deputy Sheriff
County of Dukes County

Attest: _Dianne E. Powers_ Register

9 Holly Lane, West Tisbury, MA 02575

OLF3A (Official Local Form 3A)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

_____ )
IN RE:                                  )
ALISON W. MCMORROW                      )              Chapter 13
        Debtor,                         )              Case No.:   17-14308
_____ )

## <u>CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN</u>

I/We hereby certify that on December 12, 2017 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

The Debtor,
By Her Attorney,


/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

Electronic Mail:

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee

First Class Mail:

**Alison W. McMorrow**
9 Holly Lane
West Tisbury, MA 02575

**Capital One**
15000 Capital One Dr
Richmond, VA 23238

**Capital One**
c/o Gary H. Kreppel, PC

33 Boston Post Road West, Suite 590
Marlborough, MA 01752

**Capital One**
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

**GE Money Bank**
c/o Gary H. Kreppel, PC
33 Boston Post Road West, Suite 590
Chicago, IL 60630

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Mr. Douglas Burke**
6 Littlefield Road
Milford, MA 01757

**Specialized Loan Servicing/SLS**
Attn: Bankruptcy
Po Box 636005
Littleton, CO 80163

**Specialized Loan Servicing/SLS**
8742 Lucent Blvd Ste 300
Highlands Ranch, CO 80129

**Unifund CCR as Assignee for AARP**
c/o Kream & Kream
536 Broad Street, Unit 5
East Weymouth, MA 02189

**Unifund CCR Partners**
c/o Kream & Kream
P.O. Box 890117
East Weymouth, MA 02189

OLF3B (Official Local Form 3B)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
IN RE:                                    )
ALISON W. MCMORROW                        )          Chapter 13
          Debtor,                         )          Case No.:   17-14308
_____)

## AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN

I, Peter M. Daigle, Esq., certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on December 12, 2017.

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

I declare that the foregoing is true and correct under penalty of perjury.

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

Electronic Mail:

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee

First Class Mail:

**Alison W. McMorrow**
9 Holly Lane
West Tisbury, MA 02575

**Capital One**
15000 Capital One Dr
Richmond, VA 23238

**Capital One**
c/o Gary H. Kreppel, PC

33 Boston Post Road West, Suite 590
Marlborough, MA 01752

**Capital One**
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

**GE Money Bank**
c/o Gary H. Kreppel, PC
33 Boston Post Road West, Suite 590
Chicago, IL 60630

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Mr. Douglas Burke**
6 Littlefield Road
Milford, MA 01757

**Specialized Loan Servicing/SLS**
Attn: Bankruptcy
Po Box 636005
Littleton, CO 80163

**Specialized Loan Servicing/SLS**
8742 Lucent Blvd Ste 300
Highlands Ranch, CO 80129

**Unifund CCR as Assignee for AARP**
c/o Kream & Kream
536 Broad Street, Unit 5
East Weymouth, MA 02189

**Unifund CCR Partners**
c/o Kream & Kream
P.O. Box 890117
East Weymouth, MA 02189