UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

IN RE:

Alison W. McMorrow,
Debtor.

Shellpoint Mortgage Servicing as servicer for
U.S. Bank National Association, as Trustee for
NRZ Pass-Through Trust IX,

VS.

Alison W. McMorrow

CHAPTER 13
CASE NO. 17-14308-JNF

MOTION FOR RELIEF FROM STAY

To the Honorable Joan N. Feeney:

Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX, your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. §362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1. The movant has a mailing address of P.O. Box 740039, Cincinnati, OH 45274-0039.

2. The debtor has a mailing address of 9 Holly Lane, Vineyard Haven, MA 02568.

3. On November 17, 2017, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The Chapter 13 plan has not been confirmed.

5. The movant is the holder of a first mortgage on real estate in the original amount of $180,000.00 given by Alison W. McMorrow to Mortgage Lenders Network USA, Inc. on or about August 21, 2003. Said mortgage is recorded in the County of Dukes Registry of Deeds at Book 965, Page 0895 and covering the premises located at 9 Holly Lane, West Tisbury, MA 02575.



1

6. Said mortgage secures a note given by Alison W. McMorrow to Mortgage Lenders Network USA, Inc. in the original amount of $180,000.00. Shellpoint services the underlying mortgage loan and note for the property referenced in this Motion for Bank of America, N.A. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant is unable to find the Note and will seek to prove the Note using a lost note affidavit. A copy of the lost note affidavit is attached hereto and marked as Exhibit 'A'. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

7. There is no other collateral securing the obligation.

8. Said mortgage was subject to the following assignments:

Mortgage Lenders Network USA, Inc. to JPMorgan Chase Bank as Trustee c/o Residential Funding Corporation, recorded on Book No. 1010, at Page 0064

Residential Funding Company, Limited Liability Company, formerly known as Residential Funding Corporation, as attorney in fact for The Bank of New York Mellon Trust Company, National Association as successor to JPMorgan Chase Bank, National Association, formerly known as JPMorgan Chase Bank, as Trustee to The Bank of New York Mellon Trust Company, National Association F/K/A The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. F/K/A JPMorgan Chase Bank, as Trustee for RASC 2003-KS9, recorded on Book No. 1291, at Page 622

corrective assignment: JPMorgan Chase Bank, N.A. F/K/A JPMorgan Chase Bank as Trustee to The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2003-KS9, recorded on Book No. 1381, at Page 286

The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2003-KS9 to U.S. Bank National Association, not in its individual capacity, but solely as trustee of the NRZ Pass-Through Trust IX, recorded on Book No. 01460, at Page 52

A copy of the mortgage, lost note affidavit and assignments are annexed hereto and marked as **Exhibit 'A'.**

9. There is Declaration of Homestead recorded in the County of Dukes Registry of Deeds at Book 01082, Page 363.

10. As of April 26, 2018, approximately $279,480.91 in principal, interest, late fees and other charges was due with regard to Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX's note and mortgage.

11. According to the Chapter 13 Plan, the subject property is being retained.

12. There are the following encumbrances on the property:

| Name of Creditor | Type of Lien | Amount Owed |
|---|---|---|
| Movant | First lien | $279,480.91 |
| Capital One | Judgment Lien | $2,026.04 |
| GE Money Bank | Judgment Lien | $1,108.17 |
| Mr. Douglas Burke | Junior Mortgage | $18,000.00 |
| Unifund CCR as Assignee for AARP | Judgment Lien | $48,994.43 |
| | Total Secured Encumbrances: | **$349,609.55** |

13. The pre-petition arrearage is $133,938.06.

14. According to the debtor schedules, the fair market value of the subject property is $462,000.00. The liquidation value of the subject property is $431,673.28, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps $2,106.72 and anticipated costs incurred for a real estate closing of $500.00.

15. The debtor failed to remain current with the post-petition payments to Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX, as no post-petition payments have been received by the movant.

16. The total post-petition arrearage due as of April 26, 2018 $8,512.30 excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $1,031.00 have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

17. The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $1,702.46, which payments are due on the first of every month. The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

18. The property is not necessary for a successful reorganization.

19. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

   I. Pursuant to 11 U.S.C. §362 (d)(1) for cause on the basis that the debtor has not made post petition payments, and that the debtor has failed to provide the plaintiff with adequate protection;

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

Respectfully submitted,

Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX,
By its Attorney

/s/Joshua Ryan-Polczinski
Joshua Ryan-Polczinski
BBO# 678007
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
mabk@harmonlaw.com

Dated: June 7, 2018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

IN RE:

Alison W. McMorrow,

Debtor.

Case No. 17-14308-JNF
Chapter 13

CERTIFICATE OF SERVICE

I, Joshua Ryan-Polczinski, state that on June 7, 2018, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of District of Massachusetts on behalf of Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Carolyn A. Bankowski

John P. Fitzgerald III

Peter M. Daigle

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Alison W. McMorrow
9 Holly Lane
Vineyard Haven, MA 02568

Mr. Douglas Burke
6 Littlefield Road
Milford,, MA 01757

Gary H. Kreppel, PC for Capital One
33 Boston Post Road
West, Suite 590
Marlborough,, MA 01752

Gary H. Kreppel, PC for GE Money Bank
33 Boston Post Road
West, Suite 590
Chicago, IL 60630

Kream & Kream for Unifund CCR as
Assignee for AARP
536 Broad Street, Unit 5
East Weymouth,, MA 02189

West Tisbury Tax Collector
1059 State Rd
West Tisbury, MA 02575

                              Respectfully submitted,

                              Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust IX,
By its Attorney

/s/Joshua Ryan-Polczinski
Joshua Ryan-Polczinski
BBO#  678007
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
mabk@harmonlaw.com

Dated: June 7, 2018